Dear Mr. Magee:
As we discussed, I have been assigned the opinion request that you, as attorney for the St. Tammany Parish Sheriff's Civil Division, forwarded to this office. You ask whether a group of private individuals may establish a fund to increase the Sheriff's salary.
The provisions of the statute which have been most closely reviewed are found at LSA-R.S. 33:1421 through 1450, these statutes address compensation of sheriffs as well as other issues involving the duties and responsibilities of the duly elected sheriff. We have also reviewed several Attorney General Opinions that are directed to the compensation of a sheriff. These Opinions are No. 89-674, No. 87-828, and No 81-51. These opinions each deal with the relation of a sheriff's salary to the latest census figures.
Your particular question has never been addressed directly by this office. However a review of the compensation statute and the referenced opinions offer a fairly direct answer to your inquiry. The compensation statute, LSA-R.S. 33:1421 states in relevant part:
(1) Sheriffs and ex officio tax collectors of the various parishes, including the civil and criminal sheriffs for the parish of Orleans, shall establish their own rates of annual compensation for all services required of them by law which rates shall not exceed the following amounts based on the applicable population of the respective parishes, according the latest decennial United States census as follows:
Population Compensation
(a) less than 100,000 $65,000
 (b) at least 100,000 and no more than 400,000 $75,000
 (c) greater than 400,000 Same as judges of Criminal District Court, Orleans Parish
In addition to the above salary, each individual sheriff shall be granted ten percent of his annual compensation as an expense allowance.
* * * * *
 E. The compensation set forth in this Section shall not be changed by amendment of this Section, or by other Act regardless of whether it amends this Section, unless notice of intention to introduce the proposal has been published on two separate days without cost to the state in the official journal for the parish where the office is located. If the proposal would change the compensation of all sheriffs in the state, publication shall also be made in the official journal of the state. The last day of publication shall be at least thirty days prior to introduction of the bill. The notice shall state the amount of the change, the bill shall contain a recital that the notice has been given and certification of such publication shall be attached to the bill.
The salaries of the sheriffs in Louisiana are currently based upon the population of the parish as determined by the latest census of the United States. The compensation can be changed after proper publication in the in the official journal of the parish or in the official journal of the state depending on whether the intent is to change a particular sheriff's salary or the salaries of all sheriffs in the state.
We conclude therefore that no private fund may be established in a particular parish to increase the Sheriff's salary. Changing the compensation statute legislatively is the only legal way to increase the Sheriff's salary. Furthermore, R.S. 42:1111 may inhibit a public officer's ability to receive compensation from non-profit sources; therefore, we would suggest that an opinion from the Louisiana Board of Ethics be sought.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JENIFER SCHAYE ASSISTANT ATTORNEY GENERAL